STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
Stephen Brooks }   Docket No. 14-1-00 Vtec
}
}
}

DECISION and ORDER

Appellant Stephen Brooks appealed from a decision of the Zoning Board of Adjustment of the City of St. Albans, denying a conditional use permit for an addition to his leased residence and office.     Appellant appeared and represented himself; the City of St. Albans is represented by Robert E. Farrar, Esq.  An evidentiary hearing and oral argument were held in this matter before Merideth Wright, Environmental Judge.  The parties were given the opportunity to submit written requests for findings and memoranda of law, but did not do so.  Upon consideration of the evidence and the oral argument, the Court finds and concludes as follows.

Appellant Stephen Brooks occupies the premises at 32 Nason Street, in the High-Density Residential zoning district of the City of St. Albans, as his residence and professional office.  The property contains an older two-story (plus basement) single-family residence and a detached deteriorating garage.  Appellant holds the premises under a long-term lease.  His residence and office occupy the first floor of the building; he uses the second floor for office and personal storage.

In 1989, when Appellant's business had six employees, he applied for and received a conditional use permit for the use of the premises for his professional office, with three conditions: that he comply with the City's sign ordinance, that any outside lighting be shielded, and that he provide 6 parking spaces.  The sign and lighting conditions are not at issue in the present appeal.  The six parking places are provided along a circular driveway exiting the property in both side yards.  If Appellant had no employees, his business would qualify as a home occupation and would not require conditional use approval.  At the

1

present time, Appellant has one employee, who does not live on the premises. He has no plans to employ any additional employees.

In the present appeal, Appellant has applied to remove the deteriorating rear portion of the house and replace it with a two-story (plus basement), 30' x 50' addition, oriented perpendicularly to the front portion of the house. The roofline is proposed to be the same as that of the front portion of the house, at a height of 24'; and the proposal will meet all other dimensional requirements of the HDR district, including the side setbacks. Appellant also proposes to remove a deteriorating outbuilding and to seed and mulch in its footprint. Appellant proposes to remove the rear portion of the existing circular driveway, and to retain both side driveways, in which he proposes to provide two parking spaces in the east driveway, and to park two personal trailers (a utility trailer and a horse trailer) in the west driveway.

Appellant's present employee lives in Highgate, and works for Appellant approximately 30 hours per week. She also operates a business called Earthly Joy Statuary, producing small garden statuary for sale. She operates the business from her Highgate home and sells the statuary at her Highgate home; however, at least over the winter of 1999-2000 and since that time, she has been producing the statuary at 32 Nason Street. Appellant owns some of the statues, which are displayed in his front yard, but there is no sign or other indication that the statues are offered for sale at the 32 Nason Street premises. Appellant's employee has sold statuary to persons who have come onto the 32 Nason Street premises to inquire about them. Appellant does not intend to continue to allow her to produce the statuary at the 32 Nason Street address after the addition is built.

Appellant's proposal meets all the standards for issuance of a conditional use permit under §502.4 for changes to a conditional use. The fact that his employee has been using the premises for an unapproved additional business of her own should not disqualify Appellant from that approval. Rather, it can be addressed by imposing a specific condition on the conditional use approval.

The proposal, consisting of the 30' x 50' attached addition, the demolition of the detached outbuilding, and the reduction of the parking spaces to two vehicular spaces (in addition to the spaces for storage of the two trailers) will not adversely affect the capacity of

2

existing or planned municipal facilities. §502.2(A). The proposal will not adversely affect traffic on the roads and highways in the vicinity, as the number of employees at the property has been reduced from the formerly approved level. §502.2(C). The proposal will not adversely affect any other bylaws, as it meets all the height, setback, dimensional and other requirements of the bylaw. §502.2(D). The proposal will not adversely affect the utilization of any renewable energy resources. §502.2(E). Although it appears that the proposed addition will be approximately 10 feet wider than the existing building, and therefore slightly more visible down the west driveway from the street, that degree of additional visibility will not adversely affect the character of the surrounding area. §502.2(B).

Based on the foregoing, it is hereby ORDERED and ADJUDGED that conditional use approval is GRANTED for the proposed addition, for the demolition of the detached outbuilding, and for the reduction of the parking spaces to two vehicular spaces in addition to the spaces for storage of the two trailers, subject to the following conditions (some of which are simply carried forward from the former approval):

1) two parking spaces shall be provided in the east driveway for vehicles, as well as parking in the west driveway to accommodate Appellant's two personal trailers;

2) the City sign ordinance shall be followed;

3) any outside lighting shall be shielded;

4) no other business, specifically including the on-site production of garden statuary, shall be conducted from the premises, without a further amendment to this conditional use approval;

5) Appellant shall not employ more than one non-resident employee, without a further amendment to this conditional use approval.

Dated at Barre, Vermont, this 18th day of September, 2000.

_____

3

Merideth Wright
Environmental Judge